# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00671-COA

**LONNIE NOBLES A/K/A LONNIE L. NOBLES A/K/A BANG**    APPELLANT

**v.**

**STATE OF MISSISSIPPI**    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2023 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| DISTRICT ATTORNEY: | LIN CARTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A man was convicted of the sale of methamphetamine and was sentenced to life imprisonment as a habitual offender. On appeal, his appointed counsel concedes there are no arguable issues that warrant appellate review. After an independent and thorough review of the record, we affirm.

## FACTS

¶2.     Lonnie Nobles was indicted in Forrest County for the sale of methamphetamine. He was charged as a habitual offender based upon two prior felony convictions—one for grand larceny and one for armed robbery.

¶3.    Three witnesses were called on behalf of the State. As was his right, Nobles did not testify. The first witness was Heath Robinson, who at the time of Nobles' arrest was an officer with the Hattiesburg Police Department. Robinson described how he worked as part of a narcotics task force that used confidential informants to gather evidence against people selling illegal substances. The task force developed a relationship with a CI and set out to make a controlled purchase from Nobles. The jury then watched a recorded video of the CI handing Nobles cash in exchange for a small baggie, and the jury also viewed stills from the video. Both the video and the photographs were admitted into evidence.

¶4.    Next, the jury heard from a forensic scientist at the Mississippi Forensic Laboratory, who testified that the substance contained in the baggie was determined to be 1.50 grams of methamphetamine.

¶5.    Last, the jury also heard from another member of law enforcement who explained how the CI "had proper working video and audio" so that the controlled buy could be recorded.

¶6.    The jury found Nobles guilty. After a sentencing hearing, the trial court found that Nobles was a habitual offender beyond a reasonable doubt. As a result, Nobles was ordered to serve a life sentence without eligibility for parole in the custody of the Mississippi Department of Corrections.

¶7.    Nobles appealed, and the case was assigned to this Court for review. His appointed counsel declared there were no arguable issues to present on appeal.

**DISCUSSION**

¶8.    "Our Supreme Court has established a 'procedure to govern cases where appellate

counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal.'" *Dyer v. State*, 338 So. 3d 129, 131 (¶12) (Miss. Ct. App. 2022) (quoting *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005)).  In addition to filing a brief in compliance with the Mississippi Rules of Appellate Procedure 28(a), counsel must also

> certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Lindsey*, 939 So. 2d at 748 (¶18).  "Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id.*

¶9.     "When this Court receives a *Lindsey* brief, we will review the record along with any pro se brief filed by the defendant to determine whether any arguable issues exist." *Hollis v. State*, 320 So. 3d 518, 521 (¶7) (Miss. 2021).  If we identify any arguable issues, we will require appellate counsel to submit supplemental briefing on the issues. *Id.*

¶10.    Here, the brief filed by Nobles' appointed counsel complied with the procedure set out in *Lindsey*.  Appointed counsel certified that he "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court" but "found no errors[.]"  He addressed each of the factors considered, as required by *Lindsey*, and confirmed that he "mailed . . . a copy

of this brief and correspondence informing Mr. Nobles that counsel finds no arguable issues in the record and that Mr. Nobles has a right to file a pro se brief." Nobles did not file a pro se supplemental brief.

¶11. This Court has independently and thoroughly reviewed the record and found no arguable issues that would warrant supplemental briefing.

## CONCLUSION

¶12. Our detailed review of the record revealed no arguable issues for appeal. Accordingly, the conviction and sentence of Nobles are **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**